IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| NATIONWIDE INSURANCE COMPANY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.: 3:11-cv-00618-JPG-PMF |
| | ) | |
| JEANNE HENTZ | ) | JURY TRIAL DEMANDED |
| | ) | |
| Serve at: 1602 Carmie Ln<br>Marion, IL 62959 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| CENTRAL LABORERS PENSION FUND, CENTRAL LABORERS WELFARE FUND, and CENTRAL LABORERS ANNUITY FUND | ) | |
| | ) | |
| Serve at: 201 N. Main St.<br>Jacksonville, IL 62651-1267 | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW Plaintiff Nationwide Insurance Company ("Nationwide"), by and through undersigned counsel, and for its Complaint for Declaratory Judgment, states:

1. Plaintiff Nationwide is an insurance company organized and existing under the laws of the State of Ohio and with its principal place of business in the State of Ohio. Plaintiff is authorized to conduct insurance business in the State of Illinois.

2. Defendant Jeanne Hentz (hereinafter "Hentz") is an individual residing in the State of Illinois.

1

3. Defendants Central Laborers Pension Fund, Central Laborers Welfare Fund and Central Laborers' Annuity Fund (hereinafter "Union Plaintiffs") are trust funds with their administrative offices in the State of Illinois.

4. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 as the amount in controversy in this matter is in excess of $75,000.00, exclusive of interest and costs, and there is diversity of citizenship amongst the parties.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a).

6. On or about April 25, 2011, a Complaint was filed in the Circuit Court of Morgan County by the Union Plaintiffs against Defendant Jeanne Hentz, Case Number 2011-L-12 (hereinafter "the Lawsuit").

7. In the Lawsuit, the Union Plaintiffs alleged counts of negligence and breach of contract against Hentz arising out of the alleged theft of a computer containing personal information of Central Laborers Union members.  A copy of the Complaint in the Lawsuit is attached hereto as Exhibit A and is incorporated herein.

8. The Union Plaintiffs in the Lawsuit demand damages against Jeanne Hentz in the amount of $199,028.37 for money allegedly spent notifying effected participants, and in contracting for credit monitoring and insurance in the event of identity theft.

9. Plaintiff Nationwide issued a Homeowners policy, number HOA 0028898726-0 to Jeanne Hentz (hereinafter "the Nationwide Policy").  A copy of the Nationwide Policy is attached hereto as Exhibit B and is incorporated by reference.

10. Defendant Hentz tendered the Lawsuit to Nationwide for defense and indemnity under the Nationwide Policy.

11. Nationwide has denied and continues to deny that it owes a duty to either defend or indemnify Hentz in the Lawsuit under the Nationwide Policy.

12. The Nationwide Policy provides in pertinent part:

### AGREEMENT

We will provide the insurance described in this policy in return for the premium and compliance with all applicable provisions of this policy.

### DEFINITIONS

\*\*\*

**8.** Under Section **II** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results, during the policy period, in:

   **a.** "Bodily injury"; or

   **b.** "Property damage".

**9.** Under Section **II**, "Property damage" means physical injury to, destruction of, or loss of use of tangible property.

\*\*\*

**A. COVERAGE E – Personal Liability**

If a claim in made or a suit is brought against an "insured" for damages because of a "bodily injury" or "property damage" caused by an "occurrence" to which this coverage applies, we will:

**1.** Pay up to our limit of liability for the damages for which an "insured" is legally liable. Damages include prejudgment interest awarded against an "insured"; and

**2.** Provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent. We may investigate and settle any claim or suit that we decide is appropriate. Our duty to settle or defend ends when the amount we pay for damages resulting from the "occurrence" has been exhausted by a payment of a judgment or settlement.

\* \* \*

### SECTION II - EXCLUSIONS

3

\*\*\*

**E.     COVERAGE E – Personal Liability and COVERAGE F – Medical Payments to Others**

Coverages **E** and **F** do not apply to the following:

1. **Expected or Intended Injury**

    "Bodily Injury" or "property damage" which is expected or intended by an "insured" even if the resulting "bodily injury" or "property damage":

    a.   Is of a different kind, quality or degree than initially expected or intended; or

    b.   Is sustained by a different person, entity, real or personal property than initially expected or intended.

2. **"Business"**

    a.   "Bodily injury" or "property damage" arising out of or in connection with a "business" conducted from an "insured location" or engaged in by an "insured", whether or not the "business" is owned or operated by an "insured" or employs an "insured".

    This Exclusion **E.2** applies but is not limited to an act or omission, regardless of its nature or circumstances, involving a service or duty rendered, promised, owed, or implied to be provided because of the nature of the "business".

\*\*\*

**F.     COVERAGE E – Personal Liability**

Coverage **E** does not apply to:

1.   Liability:
\*\*\*
    b.   Under any contract or agreement entered into by an "insured". However, this exclusion does not apply to written contracts:

        1)   That directly relate to owner-ship, maintenance or use of an "insured location"; or

        2)   Where the liability of others is assumed by you prior to an "occurrence";

\*\*\*

  **3.** "Property damage" to property rented to, occupied or used by or in the care of the "insured". This exclusion does not apply to "property damage" caused by fire, smoke or explosion;

***

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY

**PREMIER HOMEOWNERS ENDORSEMENT**

***

**SECTION II – LIABILITY COVERAGES**

**A.** **COVERAGE E – Personal Liability** is deleted and replaced by the following:

**A.** **COVERAGE E – Personal Liability**

 If a claim in made or a suit is brought against an "insured" for damages because of a "bodily injury" or "property damage" caused by an "occurrence" or "personal injury" to which this coverage applies, we will:

 1. Pay up to our limit of liability for the damages for which an "insured" is legally liable. Damages include prejudgment interest awarded against an "insured"; and

 2. Provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent. We may investigate and settle any claim or suit that we decide is appropriate. Our duty to settle or defend ends when the amount we pay for damages resulting from the "occurrence" has been exhausted by a payment of a judgment or settlement.

 13. There is no coverage for the Union Plaintiffs' claims and/or coverage for said claim is excluded based upon the policy and law, including, but not limited to the previously cited policy provisions.

 14. Plaintiff Nationwide has no duty to defend Defendant Hentz with regard to said claims.

 15. As plaintiffs in the underlying suit against Defendant Hentz, the Union Plaintiffs have an interest in the outcome of this present complaint.

16. There exists an actual case or controversy of a justifiable nature between Plaintiff and Defendants concerning the rights and obligations of each party under the Nationwide Policy.

17. Plaintiff has complied with all conditions precedent under the Nationwide Policy.

18. Plaintiff is reserving and preserving any and all rights and defenses in equity, under the law, and under the Nationwide Policy.

## DEMAND FOR JURY TRIAL

19. Plaintiff demands a trial by jury on all triable issues herein.

WHEREFORE, Plaintiff prays that this Court enter judgment in favor of Plaintiff Nationwide Insurance Company and against Defendant Jeanne Hentz and declare that either no coverage exists under the Nationwide Policy or in the alternative that coverage under the Nationwide Policy is excluded pursuant to one or more of the exclusions and endorsements thereto and that Nationwide has no duty to defend Jeanne Hentz, and for such other and further relief as this Court deems just and proper under the circumstances.

    /s/ James L. Craney
James L. Craney, IL # 6282699
BROWN & JAMES, P.C.
1010 Market St., 20th Floor
St. Louis, Missouri 663101
(314) 421-3400 Phone
(314) 421-3128 Fax
jcraney@bjpc.com
*ATTORNEY FOR PLAINTIFF*

9438909

6