UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NATIONWIDE INSURANCE COMPANY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JEANNE HENTZ, CENTRAL LABORERS PENSION FUND, CENTRAL LABORERS WELFARE FUND and CENTRAL LABORERS ANNUITY FUND,<br><br>　　　　Defendants. | Case No. 11-cv-618-JPG-PMF |

## **MEMORANDUM AND ORDER**

In light of Seventh Circuit admonitions, *see*, *e.g.*, *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072 (1992), the Court has undertaken a rigorous initial review of pleadings to ensure that jurisdiction has been properly pled. The Court has noted the following defects in the jurisdictional allegations of the Complaint (Doc. 2) filed by plaintiff Nationwide Insurance Company:

- **Failure to allege the citizenship of an individual.** A complaint asserting diversity jurisdiction must allege the citizenship of an individual defendant, not merely residence. 28 U.S.C. § 1332(a)(1); *Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002); *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998). Allegations of "residence" are jurisdictionally insufficient. *Steigleder v. McQuesten*, 198 U.S. 141 (1905). Dismissal is appropriate where parties allege residence but not citizenship. *Held*, 137 F.3d at 1000. The plaintiff has only alleged defendant Jeanne Hentz's residence.

- **Failure to allege the citizenship of a trust.** Where one of the parties is a trust, the complaint must allege the citizenship of its trustee or trustees, *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.,* 980 F.2d 1072, 1074 (7th Cir. 1992), or, if the law under which the trust is organized permits the trust to sue and be sued in its own name, the citizenship of the trust's beneficiaries. *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1058 n. 1 (S.D. Ill. 2006) (citing *Allegis Group, Inc. Contractors Health Plan Trust v. Conn. Gen. Life Ins. Co.*, No. 04-16, 2004 WL 1289862, at * 2-4 & n. 3 (D. Md. June 10, 2004)). The complaint does not allege the citizenship of the trustee(s) or the beneficiaries of the trust defendants.

The Court hereby **ORDERS** that plaintiff Nationwide Insurance Company shall have up to and including September 23, 2011, to amend the faulty pleading to correct the jurisdictional defect.  Failure to amend the faulty pleading may result in dismissal of this case for lack of subject matter jurisdiction or for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b)].  Amendment of the faulty pleading to reflect an adequate basis for subject matter jurisdiction will satisfy this order.  Plaintiff/defendant Nationwide Insurance Company is directed to consult Local Rule 15.1 regarding amended pleadings and need not seek leave of Court to file such amended pleading.

**IT IS SO ORDERED.**
**DATED:  September 14, 2011**

                                          s/ J. Phil Gilbert
                                          **J. PHIL GILBERT**
                                          **DISTRICT JUDGE**